IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| W. ROBERT BAYNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 3:09-CV-153 |
| v. | ) JUDGE KIM R. GIBSON |
| | ) |
| GEORGE E. MASON FUNERAL HOME, INC., | ) |
| ALLEGHENY HEARTLAND CASKET | ) |
| COMPANY, INC., DAVID E. LEHMAN, and | ) |
| KIMBALL SWEATT, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

**GIBSON, J**

### I. SYNOPSIS

This matter comes before the Court on Plaintiff W. Robert Baynes' Motion for Attorney's Fees and Expenses (Doc. No. 95). Plaintiff has also filed a Brief in Support (Doc. No. 96) and a Bill of Costs (Doc. No. 97). Defendant George E. Mason Funeral Home, Inc. opposes the Motion (Doc. No. 101). For the reasons set forth below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's Motion, and awards to Plaintiff $41,827 in attorney's fees and an additional $6,880.36 for costs and expenses, for a total of $48,707.36.

### II. JURISDICTION AND VENUE

Jurisdiction is proper pursuant to 28 U.S.C. § 1332(a)(1). Venue is proper pursuant to 28 U.S.C. § 1391(a).

1

### III. FACTUAL AND PROCEDURAL BACKGROUND

This case arises from the defrauding of Plaintiff during the purchase of a funeral casket for his deceased surrogate son in November 2005. Plaintiff believed the casket in question was made of bronze; however, it was in fact a steel casket, and its structural integrity later failed on the eve of the deceased's memorial service. The casket's failure required Plaintiff to quickly find a replacement casket which, unbeknownst to Plaintiff, would not fit in a mausoleum then under construction and intended for the interment of the deceased's remains. When Plaintiff was informed of this fact, he ordered a re-design of the mausoleum – a measure that damaged the structure, and, Plaintiff argued, required a new mausoleum to be built. Plaintiff brought suit in this Court on June 4, 2009 (Doc. No. 1), including claims for 1) unfair trade practices under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 2) breach of implied warranty of merchantability under the Pennsylvania Uniform Commercial Code , and 3) common law breach of contract. During a bench trial, Plaintiff argued that he should be awarded damages to compensate him for the cost of the original casket, as well as costs he allegedly would incur to tear down and re-build the mausoleum to properly accommodate the new casket.

On June 2, 2011, this Court found Defendants liable for a violation of the UTPCPL and common law breach of implied warranty of merchantability, but declined to award Plaintiff consequential damages for costs associated with the mausoleum. Doc. No. 91. Instead, we granted treble damages under the UTPCPL as to costs Plaintiff would have incurred to buy a replacement casket to properly fit the mausoleum, for a total of $18,000, as well as an additional $5,595, the cost of the original casket, for Defendants' breach of the implied warranty of merchantability. On December 28, 2011, we revised our previous ruling by adding an additional $1,853.25 in prejudgment interest to the judgment against Defendants (Doc. No. 107). Plaintiff

filed the instant Motion for Attorney's Fees on June 16, 2011, and filed a Bill of Costs (Doc. No. 97) the following day. Defendant filed its objections to Plaintiff's Bill of Costs (Doc. No. 98) on June 27, 2011 and subsequently filed a Brief in Opposition to Plaintiff's Motion (Doc. No. 101) on July 7, 2011. The Court subsequently denied Defendant's motion for a hearing on the matter (Doc. No. 103), as well as Plaintiff's motion for leave to file a Reply Brief (Doc. No. 104). On July 20, 2011, Defendant filed a Supplement to its Objections to Plaintiff's Bill of Costs (Doc. No. 105), to which Plaintiff responded the following day (Doc. No. 106).

## IV. STANDARD OF REVIEW

The amount of an award for attorney's fees is within the district court's discretion so long as it "employs correct standards and procedures and makes findings of fact not clearly erroneous." *Loughner v. University of Pittsburgh*, 260 F.3d 173, 177 (3d Cir. 2001). A party seeking attorney's fees has the burden to prove that its request is reasonable. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). Accordingly, the fee petitioner must "submit evidence supporting the hours worked and rates claimed." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The party opposing the fee request then has the burden to demonstrate the necessity of reducing the fee award. *Rode*, 892 F.2d at 1183.

When considering whether fees are reasonable, courts in the Third Circuit look to the prevailing market rates in the relevant community. *Loughner*, 260 F.3d at 180. The relevant community is further defined as the forum in which the litigation is lodged – here, the Western District of Pennsylvania. *Interfaith Community Organization v. Honeywell Intern., Inc.*, 426 F.3d 694 (3d Cir. 2005); *Huber v. Lawruk*, 2010 WL 2104765 at *2 (W.D.Pa. May 25, 2010).

The UTPCPL authorizes courts to grant prevailing plaintiffs reasonable attorney's fees and costs, to be awarded from defendants. *Neal v. Bavarian Motors, Inc.*, 882 A.2d 1022, 1029-

30 (Pa. Super. 2005). In evaluating such fees, courts should "eliminate from the award... the efforts of counsel to recover on non-UTPCPL theories." *Id.* at 1032. Under the UTPCPL, four factors are considered when assessing the reasonableness of attorney's fees: 1) time and labor required, novelty and difficulty of the questions involved and the requisite skill to conduct the case; 2) customary charges for similar services; 3) amount in controversy and benefits resulting to clients; and 4) contingency or certainty of compensation. *Id.* at 1030-1. Although Pennsylvania does not have a general rule of proportionality regarding attorney's fees, see *Ambrose v. Citizens Nat. Bank of Evans City*, 5 A.3d 413, 423 (Pa. Super. 2010), the Pennsylvania Superior Court has stated that there should be a sense of proportionality between an award of UTPCPL damages and any award of attorney's fees. *McCauslin v. Reliance Finance Company*, 751 A.2d 683, 685 (Pa.Super.2000).

## V. DISCUSSION

To support his Motion for Attorney's Fees, Plaintiff includes the declaration of lead attorney David Strassburger, an itemized list of billed hours for both David Strassburger and his associate Jordan Strassburger, a list of litigation expenses (Doc. No. 95-1), and the declaration of attorney Jay N. Silverblatt (Doc. No. 95-2) regarding the reasonableness of rates charged in this matter. Plaintiff requests that this Court award him $100,678.50 in attorney's fees, $9,913.19 in litigation expenses, and an additional $4,236.99 as itemized in Plaintiff's Bill of Costs. Doc. No. 95 at 2; Doc. No. 97. Regarding attorney's fees, Plaintiff allocates 127.5 billed hours to David Strassburger at a rate of $325 per hour, and 283 billed hours to Jordan Strassburger at a rate of $210 per hour. Plaintiff asserts that his counsel 1) exhibited skill in trying the case, 2) charged a reasonable rate for the type of work done, 3) should not be limited by a rule of proportionality, and 4) was hired on a contingent fee basis, thus placing the financial risk on counsel. In

4

addition, while Plaintiff acknowledges that his counsel performed work on other claims not related to his UTPCPL claim, such work is not easily segregable because the claims arose from the same set of facts. Doc. No. 96 at 4. Nevertheless, Plaintiff notes that his counsel Mr. Strassburger has "reviewed his bill and excised time where a clear line could be drawn between the UTPCPL claim and other claims." *Id.*

In response, Defendant advances several theories as to why Plaintiff should not be awarded attorney's fees for various portions of the itemized hours and litigation costs. Defendant's general arguments are that 1) Plaintiff counsel's hourly rates are not reasonable; 2) the itemization of hours does not properly segregate time pursuing Plaintiff's successful UTPCPL claim from other claims; 3) time spent drafting pleadings to recover attorney's fees is unrecoverable; and 4) many costs were either unnecessary, not supported by appropriate documentation or otherwise not awardable. Doc. No. 101 at 2.

The Court will address each of these arguments in turn, but first disposes of Defendant's general argument that the hourly rates charged by Plaintiff's counsel are excessive for the area and for the manner of services performed. Doc. No. 101 at 13. Defendant contends that David Strassburger's partner rate of $325 per hour and Jordan Strassburger's associate rate of $210 per hour are not reasonable for Cambria County, and cites reasonable rates for the County which are significantly lower than the rates billed. *Id.* at 13-14. The Court notes that the customary rates of the *forum* – rather than the customary rates of attorneys in Cambria County – are determinative in assessing reasonable rates. With this understood, the Court finds, based on both the declaration of Mr. Silverblatt (Doc. No. 95-2) and the Court's own experience in this forum, that neither David Strassburger's nor Jordan Strassburger's rates are unreasonable for attorneys practicing in the Western District of Pennsylvania. Further, the only case cited by Defendant

5

indicating rates for UTPCPL work, *Huu Nam Tran v. Metropolitan Life Ins. Co.*, 2006 WL 2623230 (W.D.Pa. Sept. 12, 2006), is almost six years old. The Court therefore declines to reduce Plaintiff's counsel's rates.

### A. Reasonability of Fees

Defendant bases its argument concerning the reasonability of fees on the UTPCPL fee factors adopted by the Third Circuit in *Neal v. Bavarian Motors*. While the Court has taken these factors into consideration, it finds that none of the *Neal* factors weight heavily in favor of either Plaintiff or Defendant. Accordingly, we will address Defendant's objections as to *specific* fees charged by Plaintiff's counsel.

#### 1. Fees related to the issue of damages for the mausoleum

Defendant first asserts that Plaintiff's counsel should not receive fees for time spent attempting to recover damages for the cost of tearing down and rebuilding the mausoleum. Doc. No. 101 at 5. The Court had previously rejected these damages on a variety of grounds. Defendant then cites to 38 items from Plaintiff's counsel's bills and argues that these should be disallowed because they were explicitly incurred while trying to recover mausoleum costs. *Id.* at 6-7. Of the itemized hours, 14.7 were credited to David Strassburger and 12.2 were credited to Jordan Strassburger.

The Court agrees that most of these charges were for services connected to the mausoleum damages theory, but it is not clear that all of them were. Notably, items 13, 14, 16, 17, 19, 20, 37 and 38 on Defendant's list are not clearly related to the mausoleum costs, and will remain among the hours eligible to be recovered by Plaintiff. The aforementioned eight items include seven hours billed by David Strassburger; therefore, instead of subtracting 14.7 hours

6

from his total, the Court will subtract 7.7. The Court accepts Defendant's characterization of Jordan Strassburger's work in this area, and subtracts 12.2 hours from his total.

### 2. Fees related to Defendant's Motion for Partial Summary Judgment

Defendant's second specific objection is that Plaintiff's counsel spent a significant amount of time opposing Defendant's Motion for Partial Summary Judgment. Doc. No. 101 at 8. Because Defendant prevailed on two of the three issues litigated in that motion, and because the third issue involved the possibility of duplicative claims (which the Court later found in its final judgment), Defendant argues that Plaintiff's counsel should not be awarded fees for any of their work pertaining to the motion. To that end, Defendant contends that 37 items from Plaintiff's counsel's bills, including 21 hours for David Strassburger and 36.1 hours for Jordan Strassburger, should be disallowed from any eventual award. Doc. No. 101 at 8-10.

The Court once again agrees that not all of this time is recoverable, but it declines to exempt all of the hours cited by Defendant. However, unlike the hours cited above pertaining to the mausoleum damages theory, it is not entirely clear which of the 37 items pertain to the two issues upon which Defendant prevailed in its summary judgment motion. Therefore, the court will allow Plaintiff's counsel to recover on one-third of the hours they billed relating to the summary judgment motion. This reduces David Strassburger's hours by 14 and Jordan Strassburger's hours by 24.1.

### 3. Fees for excessive time on numerous tasks

Defendant's third challenge is that certain amounts of time billed by Plaintiff's counsel were either unreasonable or excessive for the tasks which were performed. Doc. No. 101 at 10. It then asks this Court to reduce "to a more reasonable amount of time" the hours charged for 18

7

enumerated tasks. These tasks are various, but mostly pertain to reviewing documents and drafting pleadings. *Id.* at 11-12.

Upon a review of the items in question, the Court finds no reason to reduce the hours billed by Plaintiff's counsel. None of the individual billings appear excessive for the task cited, and many appear eminently reasonable given the nature of the work involved. Accordingly, Plaintiff's attorneys' hours will not be reduced based on this objection by Defendant.

### 4. Legal research charged at partner's rate

Fourth, Defendant objects to paying for legal research by David Strassburger, a partner, given that the case was staffed by an associate, Jordan Strassburger. To that end, Defendant cites five items for a total of 7.7 hours, all of which relate to research on distinct and relatively non-complex legal issues. Defendant requests that these hours be billed at an associate rate instead of a partner rate.

The Court agrees that the aforementioned legal research is more generally performed by associates at a law firm rather than partners. Given that Jordan Strassburger billed 275 hours on this matter, he was capable of performing the same work at a lower rate. Therefore, the Court will subtract 7.7 hours from David Strassburger's total and add them to Jordan Strassburger's total.

### B. Time Spent Pursuing Attorney's Fees

Defendant's next argument is that Plaintiff should not be awarded fees for time his counsel spent on the instant Motion, as such time is not compensable under Pennsylvania law. This includes five hours billed by David Strassburger and eight hours billed by Jordan Strassburger. Doc. No. 101 at 17. Defendant contends that the Court should either disallow all of this time or only allow recovery for a small portion of it.

8

Although Defendant does cite to one case in which a Pennsylvania court declined to deem recoverable hours billed litigating for attorney's fees, see *Freeze v. Donegal Mutual Ins. Co.*, 603 A.2d 595, 601 (Pa. Super. 1992), there does not appear to be controlling authority on this issue. Further, Plaintiff's counsel used some of this time to draft and file the Motion to Amend/Correct Judgment and Brief in Support (Doc. Nos. 93 and 94). Accordingly, the Court will reduce the billed hours in half for each of Plaintiff's counsel. Therefore, a total of 2.5 hours will be subtracted from David Strassburger's total and four hours will be subtracted from Jordan Strassburger's total.

### C. Time Charged for non-UTPCPL Claims

Defendant's final contention as to Plaintiff's counsel's billing records is a more general one: namely, that attorney David Strassburger has not sufficiently or consistently itemized the time spent on the three distinct causes of action in this matter, thus preventing Defendant and the Court from clearly identifying which hours were spent on Plaintiff's UTPCPL claim. Doc. No. 101 at 16. To be sure, David Strassburger has stated that he "deleted time that could be segregated and was not related to the UTPCPL claim." Doc. No. 95-1 at 3. However, as Defendant rightfully notes, because of Plaintiff's imprecise billing records, it is unclear to what extent that time included in Strassburger's Declaration was spent on matters other than the UTPCPL claim. Consequently, Defendant requests that the Court reduce the remaining reasonable hours by one-half to two-thirds. Doc. No. 101 at 17.

Because of the inexactitude of Plaintiff's documentation as to which billed hours can be attributed to specific claims, any attempt to properly reduce those hours so as to arrive at a proper estimate for time spent pursuing the prevailing UTPCPL claim will be imprecise. With that understood, for purpose of such a reduction, the Court will examine those hours remaining

9

after the corrections set forth above. For David Strassburger, this encompasses a total of 95.6 hours; for Jordan Strassburger, 250.4 hours have not been reduced by specific objections. Next, the Court notes that a few of these items specifically note time spent on UTPCPL claims. Third, the Court recognizes that, although Plaintiff has not provided a proper accounting of non-UTPCPL hours specifically removed from the billing records, Plaintiff's counsel has stated that some hours were removed. Fourth, the Court has already reduced the number of hours worked for items clearly related to non-UTPCPL claims. Finally, the Court emphasizes that these claims arose from the same set of facts, and that some of the hours billed by Plaintiff's counsel would have been necessary even if Plaintiff's sole claim had been under the UTPCPL. Upon considering these factors, the Court finds that 50 percent of the remaining hours is a fair estimate of the time Plaintiff's counsel spent on the successful UTPCPL claim and other necessary tasks. Accordingly, those remaining hours will be divided in half and rounded up to the nearest tenth of an hour. The Court therefore subtracts an additional 47.8 hours from David Strassburger's total and 125.2 hours from Jordan Strassburger's total.

In summary, Plaintiff's motion cited 127.5 hours billed by David Strassburger at $325 per hour and 283 hours billed by Jordan Strassburger at $210 per hour. As discussed, the Court has subtracted a total of 79.7 hours from David Strassburger's total. In addition, the Court has added 7.7 hours it subtracted from David Strassburger to Jordan Strassburger for associate-level research. Finally, 165.5 hours have been subtracted from Jordan Strassburger's total. After these adjustments are made, the Court finds that Plaintiff's counsel may recover fees for 47.8 of David Strassburger's billed hours and 125.2 of Jordan Strassburger's billed hours, for a total of $41,827 in attorney's fees. This amount is less than twice the amount of damages collected by Plaintiff in the underlying suit, which does not exceed traditional measures of proportionality

employed by Pennsylvania courts in UTPCPL cases. See *Skurnowicz v. Lucci*, 798 A.2d 788, 796 (Pa. Super. 2002) (finding that questions of proportionality are raised when a court awards attorney's fees that exceed twice the amount of damages).

### D. Litigation Costs

Finally, Defendant challenges certain costs claimed by Plaintiff in Exhibit 2 to David Strassburger's Declaration. Doc. No. 95-1 at 27. These include Westlaw/LEXIS charges, fees for witnesses Goodwill and Lehman, Allegheny County Bar Association Video Services fees to take Goodwill's deposition, and additional costs for serving subpoenas. Doc. No. 101 at 19.

The Court agrees that Plaintiff's counsel has not properly documented costs incurred for Westlaw and LEXIS research. Other courts in this district have found that absent documentation (e.g., invoices), such costs will be disallowed. *NFL Properties LLC v. Wohlfarth*, 2011 WL 1402770 at *5 (W.D.Pa. April 13, 2011). Therefore, Plaintiff cannot recover for Westlaw and LEXIS charges. In addition, for the reasons set forth in Defendant's brief, the Court agrees that Plaintiff should not recover expenditures for Goodwill and Lehman's witness fees, as well as fees paid to Allegheny County Bar Association Video Services. The aforementioned fees total $7,269.82, which will be subtracted from Plaintiff's total request for $14,150.18 in costs (as set forth in Plaintiff's Bill of Costs and the instant Motion), for a total of $6,880.36.

### VI. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Attorney's Fees and Expenses (Doc. No. 95) is hereby **GRANTED IN PART** and **DENIED IN PART**. An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| W. ROBERT BAYNES,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGE E. MASON FUNERAL HOME, INC., ALLEGHENY HEARTLAND CASKET COMPANY, INC., DAVID E. LEHMAN, and KIMBALL SWEATT,<br><br>    Defendants. | )<br>)<br>)<br>)<br>) CIVIL ACTION NO. 3:09-CV-153<br>) JUDGE KIM R. GIBSON<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ORDER

**AND NOW**, this 22nd day of March 2012, upon consideration of Plaintiff's Motion for Attorney's Fees and Expenses (Doc. No. 95), **IT IS HEREBY ORDERED** that the Motion is **GRANTED IN PART** and **DENIED IN PART**. The Court **ORDERS** that Plaintiff be awarded $41,827 in attorney's fees and an additional $6,880.36 for costs and expenses, for a total of $48,707.36.

BY THE COURT:

*/s/ Kim R. Gibson*

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**